UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER YEOMANS,

      Plaintiff,

v.

Case No. 2:25-cv-00248-JLB-KCD

GILLES FERLAND,

      Defendant,
_____/

## **ORDER**

Before the Court is Plaintiff Amber Yeoman's Motion to Remand (Doc. 12), and Defendant Gilles Ferland's opposition (Doc. 14).[1] For the reasons below, the motion is denied.

Plaintiff originally sued Ferland in state court for negligence after a car accident. (Doc. 4.) Ferland removed the case here based on diversity jurisdiction. Plaintiff now seeks remand, arguing that removal was untimely. (Doc. 12.)

A case filed in state court may be removed here if it could have been brought in federal court. 28 U.S.C. § 1441(a). Pertinent here, federal courts "have original jurisdiction over . . . civil actions where [there is] diversity." *Stoni Med. Staffing v. Ally Fin.*, No. 4:23-CV-3, 2023 WL 11841026, at *2 (S.D. Ga. Sept. 26, 2023). Diversity jurisdiction is triggered when the parties

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

are citizens of different states and the amount in controversy exceeds $75,000. *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 CDL, 2014 WL 1921341, at *1 (M.D. Ga. May 14, 2014). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

The parties agree that this case satisfies the requirements for diversity jurisdiction. There is complete diversity, and based on the evidence offered, the amount in controversy exceeds $75,000. (*See* Doc. 1.) At issue is the timeliness of removal.

When the requirements for diversity jurisdiction can be found in the complaint, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant ... of the initial pleading." 28 U.S.C. § 1446(b)(1). But when the initial pleading discloses no basis for removal, the 30-day clock does not begin to run. Instead, "a notice of removal may be filed within 30 days after recei[ving] ... a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Ferland was served on November 4, 2024. (Doc. 1-4 at 26.) But the complaint did not provide a basis for removal. Among other things, it did not identify Plaintiff's citizenship as needed to establish diversity jurisdiction.

2

The complaint merely noted that Plaintiff resides in Florida, which is not the equivalent of citizenship. (Doc. 4 ¶ 2); *see Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). So Ferland served a request for admission asking Plaintiff to admit that she is a Florida citizen. (Doc. 1-4 at 95.) Plaintiff answered this discovery on February 24, 2025. (Doc. 1-4 at 118.) Ferland removed the case 30 days later. (Doc. 1.)

Ferland claims that Plaintiff's admission response was the "other paper" that triggered diversity jurisdiction. And thus, removal was timely under § 1446(b). *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.62 (11th Cir. 2007) ("[Other paper] include[s]: responses to requests for admissions, settlements offers, interrogatory responses, deposition testimony, demand letters, and email estimating damages."). Plaintiff, however, focuses on the amount in controversy requirement. She claims the 30-day clock for removal began on December 10, 2024, when she served a settlement demand exceeding $75,000. (Doc. 12 at 3.)

Although settlement demands can constitute an "other paper" indicating the amount in controversy, *see Lowery*, 483 F.3d at 1215 n.62, that is only half the jurisdictional equation. For the case to be removable, Ferland must have been able to ascertain both the amount in controversy *and* diversity of citizenship. But as of December 10, 2024, Ferland did not yet

3

know Plaintiff's citizenship and had served discovery to learn such information. Until Ferland also had the citizenship admission, the case was not removable. *See Goldrich v. Nat'l Specialty Ins. Co.*, No. 21-CV-61988-RAR, 2021 WL 5071625 (S.D. Fla. Nov. 1, 2021), at * (S.D. Fla. Nov. 1, 2021) (denying remand based on similar facts and finding that defendant's right to remove was not triggered until plaintiff admitted they were a Florida citizen).

The facts here fit squarely within § 1446(b)(3). Ferland first learned of Plaintiff's citizenship on February 24, 2025, after which the case was timely removed. Accordingly, Plaintiff's Motion to Remand (Doc. 12) is **DENIED**.

**ORDERED**[2] in Fort Myers, Florida on May 8, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[2] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter appropriately handled by order. *See Vazquez v. Lowe's Home Centers, LLC*, No. 2:24-CV-351-JLB-NPM, 2024 WL 3026386, at *2 n.2 (M.D. Fla. June 17, 2024); *Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).